DIANE BEALL SBN 86877
243 S. Escondido Blvd. #125
Escondido, CA 92025
(760) 807-5417
e-mail-attorneydianebeall@gmail.com

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE BEALL F/K/A TEMPLIN<br><br>PLAINTIFF,<br><br>vs.<br><br>QUALITY LOAN SERVICE CORP.;<br>ONEWEST BANK, FSB; and DOES 1 to 100<br><br>DEFENDANTS. | Case No. EDCV 12-601 DDP (DTBx)<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12 (B) (6).<br>and<br>PLANTIFF'S OBJECTION TO DEFENDANT'S REQUESTS FOR JUDICIAL NOTICE.<br><u>Hearing</u><br>Date:    June 18, 2012<br>Time:    10:00 a.m.<br>Ctrm:    3, 2nd Floor<br>REQUEST FOR JURY TRIAL |

   COMES NOW Plaintiff, DIANE BEALL F/K/A TEMPLIN, an individual (hereinafter "Plaintiff"), to oppose Onewest Bank's Motion to Dismiss and to Strike. and to object to its Request for Judicial Notice to the extent it is trying to use said Noticed documents to prove the contents contained in the documents. This opposition is based

**Beall vs. Quality Loan Services Corp. et al. Plaintiff's Opposition to Motion to Dismiss**

Page 1

on the papers on file with the court, the arguments set forth, and any arguments made by Plaintiffs' counsel at the hearing currently scheduled for this matter.

<u>**Plaintiff objects to the Defendant's requests for Judicial Notice of the land title records**</u>. Plaintiff objects to the contents of the "Noticed" documents. The Courts may only take Judicial Notice of the recording of the document. <u>Not the contents</u>. See *People v. Long* (1970) 7 Cal. App.3d. 586. Judicial notice of law, legislative facts, or factual matters is proper where there is no dispute as to the authenticity of those matters. See *Oneida Indian Nation of New York v. New York*, 691 F.2d 1070, 1086 (2nd Cir. 1982); see also *Zimomra v. Alamo Rent-A-Car, Inc.,* 111 F.3d 1495, 1503 (10th Cir. 1997).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Through the instant lawsuit, Plaintiff Diane Beall, ("Plaintiff") will establish that Defendants are not the true creditors and as such have no legal, equitable or pecuniary right in her promissory note or deed of Trust ("DOT"). The court's jurisdiction over this matter is pursuant to a federal question of diversity of jurisdiction. Onewest Bank FSB ("Onewest") has federally preempted Plaintiff's original claims filed in the Riverside Superior Court as Case No. RIC 1204788.

Defendants motion to dismiss ("Motion") fails because Plaintiff's complaint sets forth sufficient allegations, both legal and factual, to establish a statement of the claims for which relief may be granted. Plaintiff requests that the court not allow defendants to turn this Motion to Dismiss into a Motion for Summary Judgment. This is not the phase in litigation to resolve the contest between facts or determine the merits of the case. In reviewing the sufficiency of the claims asserted, the issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims asserted. *See Scheuer v. Rhodes* 416 U.S. 232, 236 (1974).

**II.    STATEMENT OF FACTS**

**Beall vs. Quality Loan Services Corp. et al. Plaintiff's Opposition to Motion to Dismiss**

Page 2

On or about June 13, 2003, Plaintiff executed a Promissory Note payable to Indymac Bank, FSB ("Indymac"). Plaintiff has not seen such executed note (hereinafter referred to as "Obligation" or "NOTE") since then. Said obligation is purportedly secured by a Deed of Trust (DOT) which was recorded on July 20, 2003. Plaintiff is and at all times mentioned herein the owner of real property known commonly known as 16377 Arnold Avenue, Lake Elsinore, CA 92530 (hereinafter referred to as "SUBJECT PROPERTY").

### A. Indymac Sold The Loan- The Note was "Securitized" into a REMIC Trust.

Shortly after the origination of Plaintiff's loan, the debt obligation (the Note) was sold and securitized into a REMIC Trust governed by a Pooling and Servicing Agreement ("PSA"). The Audit done by the Securitization Expert, including a Bloomberg Report, demonstrates that the Note was sold and securitized and is still being traded as a security under 13 tranches. The Bloomberg Report also shows that the loan was paid in full. The mechanism of such payment does not matter to Plaintiff. If it is paid then there is no default or balance to pay. Further Indymac or Onewest did not or could not own the note.

### B. Plaintiff Obtained A Freedom Of Information Act ("FOIA") Response From The Inspector General Of The FDIC Who Confirmed Onewest only purchased the Servicing rights, not the Note. Therefore any Assignment Of The Deed Of Trust ("DOT") To Onewest was Void. A Void Title Does Not Transfer A Good Title And Does Not Require Plaintiff to Tender. OneWest has Slandered Plaintiff's Title with no Privilege.

Contact with the inspector general of the Federal Deposit Insurance Corporation ("FDIC") resulted in communications that Onewest only received the servicing rights.

1. IndyMac Bank, F.S.B., ("IndyMac") Pasadena, CA was closed on July 11, 2008, by the Office of Thrift Supervision ("OTS"). All non-brokered insured deposit accounts and substantially all of the assets of IndyMac Bank, F.S.B. were transferred to IndyMac Federal Bank, F.S.B.

**Beall vs. Quality Loan Services Corp. et al. Plaintiff's Opposition to Motion to Dismiss**

2.     IndyMac Bank, F.S.B., ("IndyMac") Pasadena, California assets were overseen by Federal Deposit Insurance Corporation ("FDIC"), whose statutory duty is to resolve the institution in the method that is least costly to the deposit insurance fund. Accordingly, the FDIC organized IndyMac Federal Bank, FSB, Pasadena, California ("IndyMac Federal" or "IndyMac FDIC"), a new federal savings bank.

3.     On March 19, 2009, "IndyMac FDIC" was placed back in receivership ("FDIC-R") and substantially all of its assets were sold. The amount realized from the resolution of "IndyMac FDIC" was insufficient to pay all of its liabilities, and therefore there was no amount paid to the IndyMac Bank receivership.

4.     On March 19, 2009, the FDIC-R completed the sale of IndyMac Federal Bank, FSB,("IndyMac FDIC") Pasadena, California, to OneWest Bank, F.S.B., Pasadena, California. OneWest Bank, FSB ("OneWest") is a newly formed federal savings bank organized by IMB HoldCo LLC. All deposits of IndyMac Federal Bank, FSB were transferred to OneWest Bank, FSB.

5.     Multiple public agreements define what was sold by Indymac FDIC-R and to who it was sold and under what standards the assignments must occur.  The Flow through asset from IndyMac FDIC to the newly formed OneWest Bank, FSB include:

**AGREEMENTS ASSOCIATED WITH ONEWEST PURCHASE.**

- Purchase and Assumption Agreement
- Master Purchase Agreement by and among FDIC as Conservator for IndyMac Federal Bank, FSB and IMB HoldCo LLC, and OneWest Bank Group LLC
- <u>Loan Sale Agreement</u> Between the FDIC as Receiver for IndyMac Federal Bank, FSB and OneWest Bank, FSB   <u>(10% of total all servicing rights did the Indymac FDIC also own the Note.)  These Note assets are covered by loss share agreement. Plaintiff subject property was not contained in this loss [loan sale] agreement.</u>
- Shared Loss Agreement Between the FDIC as Receiver for IndyMac Federal Bank, FSB and OneWest Bank, FSB

**Beall vs. Quality Loan Services Corp. et al. Plaintiff's Opposition to Motion to Dismiss**

Page 4

- **Servicing Business Asset Purchase Agreement** [1] by and between the FDIC as Receiver for IndyMac Federal Bank, FSB and OneWest Bank, FSB.

6.  Defendant OneWest Bank FSB, ("OneWest") is a National Bank now under the oversight of the Office of the Comptroller of the Currency ("OCC") and located in the same offices in Pasadena, California.  Indy Mortgage Services is a Division of Onewest and is responsible for the Servicing of Loans Owned by OneWest.  OneWest only purchased 10% of the IndyMac Notes. 90% of what OneWest purchased through the FDIC sale the Servicing Rights ONLY.  The Note had been sold and securitized. So the vast majority of the loans under IndyMac Mortgage Services are not owned by OneWest AND PLAINTIFF'S LOAN IS NOT OWNED BY ONEWEST.  The Note evidencing the Debt obligation was SOLD to a TRUST and has been PAID IN FULL.  The Assignment of DOT was VOID since neither Indymac nor the FDIC had rights to the Note or loan or debt obligation other than servicing rights. OneWest's Attorney and agents have lied and fraudulently misrepresented to the Court that it owns the Note and the right to the Power of Sale.

<u>This is a fraud as Onewest did not purchase Plaintiff's Note and the Note was never sold or assigned to OneWest.</u> The Note and Deed of Trust were separated in 2003 and there has been a continuous break in the chain of title since 2003 and this is NOT A SECURED DEBT. Defendants and its attorneys and agents are guilty of intentional misrepresentation, oppression, fraud, slander of title- with malice and the request for Punitive Damages should not be stricken.

C.  **Any Substitution Of Trustee By Onewest As The Beneficiary Is A Fraud And Does Not Properly Substitute Quality Loan Services Corp. ("QLS") As Onewest Was Not The Beneficiary.**  A Substitution of Trustee Document Was Recorded, But The Contents Are Not True. Plaintiff Is Not attempting to Set Aside A Trustee Sale Or challenge California Code Section 2924.  A Void Title does Not Require Tender.  This Is About A Void Title And Not Foreclosure Deficiencies.  Void Titles Do Not Require Tender.

---

[1] Plaintiff's FOIA response detailed that only the Servicing Rights were sold to Onewest.

**Beall vs. Quality Loan Services Corp. et al. Plaintiff's Opposition to Motion to Dismiss**

Onewest could not properly substitute any Trustee.  Plaintiff noticed QLS and Onewest of such fraud and void substitution.  Both Defendants chose to ignore the facts without checking with the Inspector General of the FDIC.  This addresses Defendant's Motion to Strike punitive damages. Defendants are guilty of intentional misrepresentation, oppression, fraud, with malice. The malice is multiplied as defendant's chose to ignore these facts which Plaintiff repeated advised them of, and continued their attempts to wrongfully foreclose on plaintiff's property, causing Plaintiff damages and emotional distress and their continued actions that deserve punishment.

### D. Plaintiff Was Duped Into Believing Onewest Owned The Note And Could Modify The Subject Property.  Onewest Knew, Should Have Known, and now Knows That Onewest Does Not Own The Note, And Could Not Modify Anything.  Such Lies Are Unconscionable.

After 6 and ½ years of making timely payments on her mortgage, plaintiff like millions of other Americans, fell on hard times due to the downturn in the economy and she also suffered from a serious medical emergency that resulted in 2 surgeries and over $300,000 in medical bills. Wanting to do everything in their power to make good on their obligation to keep their home, they contacted defendants to seek assistance. At the time, the government, servicers, lenders and the media were all instructing distressed homeowners to contact their lending lenders to seek loan modification. Plaintiff was told that to apply for a loan modification she would need to be in default for at least three months. Relying on misrepresentations, plaintiff stopped paying her mortgage. As a result, Plaintiff, who was struggling and barely made her payments a few months before, was now over three months behind with no hope of a loan modification.

### E. Plaintiff's Purported Corporate Assignment of the Deed of Trust ("DOT") Dated March 10, 2010 Was A Fraud And Is Alleged As A Void Title. The Truth And Lending Act ("TILA") Claim 15 U.S.C. 1641 (g) was effective May 2009, And Tolled As The Final Definition Of The Creditor Was Not Final Until January 1, 2011.  Then There Is A 60 Day Compliance Period.

If Any Assignment Was Done, Recorded Or Unrecorded, On March 10, 2012,  It Would Be Subject To Equitable Tolling As The Final Rule Was Not Final Until January

**Beall vs. Quality Loan Services Corp. et al. Plaintiff's Opposition to Motion to Dismiss**

1, 2011.  The Federal Reserve Board Stated That The Certificate Holders Of Mortgage Backed Securities Trusts Were Not The Creditor.  The Date January 1, 2011 to March 1, 2011 Would Allow Compliance In 60 Days of the final order.  Then There Would Be 30 Days To Reply.  Therefore The Alleged Assignment Would Be Covered Under The Statute.   However there appears to be an un-noticed assignment to an unknown creditor. This would appear to be an unknown assignment.  Discovery is needed to determine who that creditor is and why they did not notice Plaintiff.

   Such assignment was not noticed as required by 15 U. S. C. 1641(g). The complaint clearly outlines that the information whereby such statute was not followed and as such is a clear Truth In Lending Violation. All that is required is that the statutory amount and attorney fees are awarded to plaintiffs. It is this lack of compliance in hiding of the true creditor that was the subject of the May 2009 passing by this federal reserve of such 1641(g) amendment. The law became effective in May of 2009 however notice was tolled until the final rule was released on January 1, 2011. The reason for such action is at the very heart of the shell game that is played in this case. Who is the purported creditor and why did they not notice any purported assignment recorded or not.  Only discovery would allow for such claim.  The purported assignment is void on its face.

   In order to hide fatal defects, Defendants resorted to covering up the defective transfer into the trust. Plaintiff alleges this was done to mislead and deceive  plaintiff and this court into believing that defendants have an enforceable claim to the debt obligation. Plaintiff does not dispute her debt obligation at origination. However, plaintiff does dispute that defendants have any security interest in the debt obligation such that they can try to enforce this obligation by collecting payments or declaring default. **Plaintiffs seek to have the court consider all the evidence, after both sides have an opportunity to conduct discovery, and make a ruling based on the application of laws to these facts**.

**Beall vs. Quality Loan Services Corp. et al. Plaintiff's Opposition to Motion to Dismiss**

Page 7

## III. LEGAL STANDARD

A motions to dismiss for failure to state a claim under Federal Rules of Civil Procedure, Rule 12 (b) (6) are viewed with disfavor, and, accordingly, dismissals for failure to state a claim are rarely granted. The standard for dismissal under Rule 12 (b) (6) is a stringent one. "A complaint should not be dismissed for failure to state a claim and less it appears beyond doubt that the claimant can prove no sets of fact in support of his claim which he would be entitled to relief." *See Hartford Fire Ins. Co. v. California*, 509 U. S. 764, 811, (1993) (*quoting Conley v. Gibson,* 355 U. S. 41, 45 – 46 (1957). The purpose of the motion under Federal Rule 12 (b) (6) is to test the formal sufficiency of the statement of the claim for relief in the complaint. The complaint must be construed in the light most favorable to the non-moving party and its allegations are taken as true. *See Scheuer v. Rhodes,* 416 U. S. 232, 236 (1974). It is not a procedure for resolving a contest about the facts or the merits of the case.

Furthermore, more recently, the U. S. Supreme Court has held that to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, would "state a claim to relief that is plausible on its face." *See Bell Atlantic Corp. v Twombly,* 55 U. S. 554544 (2007).  This is the standard under which the Court should consider Defendant's Motion to Dismiss on the issue of the viability of Plaintiff's claims. Plaintiff requests that the court apply the correct standard in dismiss this motion and allow the proceedings to continue in the manner that is procedurally correct.

## IV. PLAINTIFF HAS SUFFICIENTLY ALLEGED A VIABLE CLAIM UNDER THE TRUTH IN LENDING ACT, 15 U. S. C. SECTION 1641(g). SUCH CLAIM DOES NOT REQUIRE THE PLEADING OF ACTUAL DAMAGES. STATUTORY DAMAGES AND ATTORNEY FEES ARE SUFFICIENT FOR A CLAIM.

The Plaintiff suggests that the assignment occurred in 2003 to the Trust.   One would contemplate why did they fabricate an assignment 6 years later [and only supports Plaintiffs contentions that there is a need for discovery].  Defendants must not have it both ways. The Federal Reserve Board published  the final rules amending

**Beall vs. Quality Loan Services Corp. et al. Plaintiff's Opposition to Motion to Dismiss**

1  Regulation Z (Truth in Lending).  The final rule implements Section 131(g) of the Truth
2  in Lending Act (TILA), which was enacted on May 20, 2009 as Section 404(a) of the
3  Helping Families Save Their Homes Act.  TILA Section 131(g) became effective
4  immediately upon enactment and established a new requirement for notifying
5  consumers of the sale or transfer of their mortgage loans.  Consistent with the statute,
6  the final rule requires a <u>purchaser or assignee</u> that acquires a loan to provide the
7  disclosures in writing no later than 30 days after the date on which the loan <u>was sold,
8  transferred or assigned</u>.

9         Among other things, the 2009 Act seeks to ensure that consumers attempting to
10 exercise this right know the identity of the assignee and how to contact the assignee or
11 its agent for that purpose.   Section 226.39(d)(4) requires the covered person to disclose
12 where transfer of ownership of the debt to the covered person is or may be recorded, or,
13 alternatively, <u>that the transfer of ownership has not been recorded in public records</u> at
14 the time the disclosure is provided.  *15 U. S. C. § 1640(a)* authorizes claims <u>for actual
15 damages, statutory damages, and attorneys fees</u> for violations of *15 U. S. C. § 1641(g)*.
16 *Russell v. Mortgage Solutions Mgmt., Inc., No. CV 08-1092-PK, 2010 U. S. Dist. LEXIS
17 107606, 2010 WL 3945117, at \*6-\*7 (D. Or. Apr. 6, 2010)* (acknowledging all three types
18 of damages are authorized by *§ 1640* against original creditor's assignee).

19         In *Vogan vs. Wells Fargo*,  2011 U. S. Dist. LEXIS 132944, (E. D. Cal. November
20 16, 2011) the Court found that the Trustee of a Mortgage Backed Security Trust ("MBS")
21 was the Creditor under the Statute.  The Court found "For the following reasons, the
22 Court finds that U. S. Bank as trustee for WFMBS 2005-AR12 may be subject to liability
23 arising from a violation of 15 U. S. C. § 1641(g) and therefore Defendant's motion to
24 dismiss this claim must be denied."  The case at bar is on point with Plaintiffs
25 allegations that there is contradictions of proper and legitimate transfers of the note and
26 the mortgage.  If the Assignment of the DOT is void, then it is unclear if and when the
27 assignment occurred.  It would require discovery.
28

**Beall vs. Quality Loan Services Corp. et al. Plaintiff's Opposition to Motion to Dismiss**

In *Squires vs. BAC Home Loans Servicing*, 2011 U. S. Dist. LEXIS 137581 (Nov. 29, 2011, S. D. Ala.) the lone claim asserted is a violation of 15 U. S. C. § 1641(g)(1). The requirement that a creditor to whom a mortgage loan is sold, transferred or assigned must notify the debtor in writing within 30 days after that transfer occurs.

In summary, BAC Home Loans [ Servicer] took an assignment from MERS. As assignee under 15 U. S. C. 1641(g) was required to answer the complaint. The Court in opinion stated actual damages were not necessary to sustain a claim:  From the Opinion:

The parties briefs give short shrift to the issue of whether actual damages are necessary to state a claim under TILA for a § 1641(g) violation. Nonetheless, the undersigned issued an opinion addressing this issue in a case styled *Brown v. CitiMortgage, Inc.* F. Supp. 2d, 2011 U. S. Dist. LEXIS 117612, 2011 WL 4809142 (S. D. Ala. Oct. 11,  2011*)*. In *Brown*, the Court rejected this very argument by a § 1641(g) defendant, reasoning that "the plain statutory text creates liability for a creditor that fails to comply with § 1641(g) in the form of the *sum* of actual *and* statutory damages. ... Thus, the mere fact that the [plaintiffs]' Complaint <u>does not allege actual damages in no way impairs their right to hold [defendant] liable for a § 1641(g) violation</u>, as long as they are eligible for statutory damages." 2011 U. S. Dist. LEXIS 117612, [WL] at *2., the Court rejects its assertion that actual damages are necessary for the Squires to state a claim under § 1641(g).

Although TILA and Regulation Z generally apply only to persons to whom the credit obligation is initially made payable and that regularly engage in extending consumer credit, Section 404(a) and the final rule apply to persons that acquire mortgage loans.

## V.     Declaratory Relief

The Supreme Court has provided guidance for the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201.   The existence of another adequate

**Beall vs. Quality Loan Services Corp. et al. Plaintiff's Opposition to Motion to Dismiss**

Page 10

remedy does not preclude a declaratory judgment that is otherwise appropriate. The court may order a speedy hearing of a declaratory-judgment action. Plaintiff argues that declaratory relief is merely a remedy and not a stand-alone claim for relief. Defendants reasoning would seem to mislead the Court. Section 2201(a) of Title 28 of the United States Code permits a party to bring a cause of action "in a case of actual controversy within its jurisdiction....any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." As to a controversy to invoke declaratory relief, the question is whether there is a "substantial controversy, between parties having adverse legal rights, or sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U. S. 270 (1941). The United States Supreme Court further explained:   A justifiable controversy is thus distinguished from a difference or dispute of hypothetical or abstract character;  from one that is academic or moot... The controversy must be definite and concrete, touching the legal relationships of the parties having adverse legal interest... It must be a real and substantial controversy admitting of specific relief through decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.  *Haworth*, 300 U.S. at 240 – 241, 50 S.CT. at 464 (citations omitted).

     A declaratory judgment is appropriate in cases where the controversy is (1) actual or real, (2) ripe for judicial determination, and (3) it relates to the legal relations of parties having adverse interests. Ripeness only exists when the court can determine present rights which have become fixed under an existing state of facts. *Santa Barbara County V. U. S.*, 269 F. Supp. 855, (D. C. Cal. 1967). "A party has adverse interests if there is an assertion of a right, status, or legal relation in which the plaintiff has a definite interest, and a denial of it by the opposing party. *Public Service Comm'n of Utah V. Wycoff, 344 U. S. 237, 73 S. Ct. 236 (1952)."*

**Beall vs. Quality Loan Services Corp. et al. Plaintiff's Opposition to Motion to Dismiss**

Page 11

When an actual controversy exists, as is the case here, declaratory relief is appropriate "(1) when judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Guerra v. Sutton, 783 F.2d 1371, 1376 (9th Cir. 1986). The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. Fed. .Civ. Proc. 57.*

Here, Plaintiff has alleged facts to support both an actual case and controversy and that Defendants actions are ongoing and will continue in the future. Therefore the declaratory relief claim is cognizable as an independent cause of action. *See Seattle Audubon Soc'y v. Moseley, 80 F.3d 1401, 1405 (9th Circ. 1996) (" A declaratory judgment offers a means by which rights and obligations may be adjudicated in cases brought by any interested party involving an actual controversy that has not reached a stage at which either party may seek a coercive remedy and in cases where a party who could sue for coercive relief has not yet done so.")*

## VI.    QUIET TITLE

Plaintiffs seek to establish a its title to real property against anyone and everyone, and thus "quiet" any challenges or claims to the title. An action for quiet title requires description of the property to be "quieted," naming as defendants anyone who might have an interest (including descendants---known or unknown---of prior owners), and the factual and legal basis for the claim of title.

A void instrument such as an undelivered or a forged deed does not convey anything and cannot be made the foundation of a good title. *Montgomery v. Bank of America* (1948) 85 Cal.App.2d 559; *Trout v. Taylor,* 220 Cal. 652, 656 [32 P.2d 968]. There is no language that can point to in the DOT that grants and conveys the power of sale unfettered.     "Because a Rule 12(c) motion calls for an assessment of the merits of the case at an embryonic stage, the court must view the facts contained in the

**Beall vs. Quality Loan Services Corp. et al. Plaintiff's Opposition to Motion to Dismiss**

Page 12

pleadings in the light most favorable to the non movant and draw all reasonable inferences there from . . . ." *Perez-Acevedo v. Rivero-Cubano,* 520 F.3d 26, 29 (1st Cir. 2009). As with a motion to dismiss pursuant to Rule 12(b)(6), to survive a Rule 12(c) motion, the underlying complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007).

Plaintiff objects to Defendant's Request for Judicial Notice as to the contents of the ADOT documents. The Courts may only take Judicial Notice of the recording of the document. Not the contents. Generally, a court may not consider material beyond the pleadings in ruling on a Motion to Dismiss ("MTD"). The exceptions are material attached to, or relied on by, the complaint <u>so</u> long as authenticity is not disputed, or matters of public record, provided that they are <u>not subject to reasonable dispute</u>. e.g., *Sherman v. Stryker Corp.*, 2009 U.S. Dist. LEXIS 34105, 2009 WL 2241664 at *2 (C.D. Cal. Mar. 30, 2009) and Fed. R. Evid. 201).

**Tender Requirements For Quiet Title.**

The Court determined in this present action of equity, that a defaulted borrower who seeks to set aside a trustee's sale [the standard considered even though the subject property has not be sold] is required to do equity before the court will exercise its equitable powers. *(MCA, Inc. v. Universal Diversified Enterprises Corp.* (1972) 27 Cal.App.3d 170, 177 (MCA).) Consequently, as a condition precedent to an action by the borrower to set aside the trustee's sale on the ground that the sale is voidable because of irregularities in the sale notice or procedure, the borrower must offer to pay the full amount of the debt security.

The rationale behind the rule is that if [the borrower] could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages. (*FPCI RE-HAB 01 v. E & G Investments, Ltd.* (1989) 207 Cal.App.3d 1018, 1022.) Here Plaintiff is not trying to question the validity of any

**Beall vs. Quality Loan Services Corp. et al. Plaintiff's Opposition to Motion to Dismiss**

Page 13

foreclosure process. She is questioning the validity of the endorsements and validity of a [forged] land title records under California Penal Code Section 470.

### There Are Exceptions To The Tender Requirement.

There are, however, exceptions to the tender requirement. A review of the case law discloses four valid exceptions. **First**, if the borrower's action <u>attacks the validity of the underlying debt,</u> tender is not required since it would constitute an affirmation of the debt. See (*Stockton v. Newman*, 148 Cal. App. 2d 558, 564 (1957)) [trustor sought rescission of the contract to purchase the property and the promissory note on grounds of fraud]; *See Sacchi v. Mortgage Electronic Registrations Systems, Inc.*, No. CV11-1658 AHM, 2011 WL 2533029 At*16 (C.D. Cal June 24, 2011) (emphasis added) *citing Onofrio v. Rice*, 55 Cal. App. 4th 413, 424 (1997) (citing 4 Miller & Starr, Cal. Real Estate (2d ed. 1989) Deeds of Trusts & Mortgages, § 9.154, pp. 507-508.); See *also Foulkrod v. Wells Fargo Financial California Inc.*, No. CV 11-732-GHK (AJWx) (C.D… Cal. May 31, 2011) ("... Requiring plaintiff to tender the amount due on his loan at this time would be illogical and in equitable given that he disputes that Wells Fargo has any rights.). **Second**, tender will not be required when the person who seeks to set aside the trustee's sale has a counter-claim or set-off against the beneficiary. In such cases, it is deemed that the tender and the counter claim offset one another, and if the offset is equal to or greater than the amount due, a tender is not required. (*Hauger v. Gates* (1954) 42 Cal.2d 752, 755 ) (borrower's set-off claim equaled the amounted owed). **Third**, tender may not be required where <u>it would be inequitable to impose such a condition on the party challenging the sale.</u> (*Humboldt Savings Bank v. McCleverty* (1911) 161 Cal. 285, 291 (Humboldt).

**Fourth**, no tender will be required when the trustor is not required to rely on equity to attack the deed because <u>the trustee's deed is void on its face.</u> (*Dimock vs. Emerald Properties*, 81 Cal.App.4th 868, at p. 878 (2000) (beneficiary substituted trustees; trustee's sale void where original trustee completed trustee's sale after being

**Beall vs. Quality Loan Services Corp. et al. Plaintiff's Opposition to Motion to Dismiss**

Page 14

1  replaced by new trustee because original trustee no longer had power to convey
2  property).

### VII. PLAINTIFF'S OTHER CLAIMS ALL DERIVE FROM VOID TITLES.

CALIFORNIA CODE SECTION 2923.5 STATES THAT THE SERVICER MUST CONTACT HOMEOWNER.  THE ATTACHED DECLARATION TO THE NOTICE OF DEFAULT IS NOT SUFFICIENT AS IT IS OBJECTED TO AS TO ITS CONTENTS JUDICIALLY NOTICED.  IF ONEWEST FILED THE NOTICE OF DEFAULT AS BENEFICIARY AND IT WAS NOT.  THEN BY FACT IT VIOLATES THE CALIFORNIA CODE SECTION 2924.  PLAINTIFF'S WRONGFUL FORECLOSURE SHOULD BE AMENDED TO UNJUST ENRICHMENT BY ONEWEST.  PLAINTIFF'S DEBT DISCHARGE IS FOR THE USECURED DEBT.  THE CHAIN OF TITLE IS VOID AND UNSECURED, THUS IT WAS PROPERLY LISTED AND DISCHARGED. CALIFORNIA FIANCIAL CODE SECTION 50505 IS INCLUSIVE OF THE TILA CLAIM FOR RELIEF.

### VII.  CONCLUSION

Plaintiff's complaint is well-plead and allows the Court to infer more than the "mere possibility of misconduct"; in fact, when the Court accepts the factual allegations as true the Court can make a "reasonable inference" that Defendants are liable for the misconduct.  Although Defendants do allege "factual" disputes in their Motion, this is not sufficient to support this motion to dismiss.  Therefore, Plaintiff respectfully request that the Court Deny Defendant's Motion in its entirety.  To the extend the Court dismisses any claim of allegation, Plaintiffs request the opportunity to amend the complaint to cure any deficiency, add additional claims for relief or rename any claims.

Dated: May 25, 2012            *Diane Beall*
                               Attorney for Plaintiff

**Beall vs. Quality Loan Services Corp. et al. Plaintiff's Opposition to Motion to Dismiss**

NAME, ADDRESS AND TELEPHONE NUMBER OF ATTORNEY(S)
DIANE BEALL SBN 86877
243 S. ESCONDIDO BVD. #125 ESCONDIDO, CA 92025

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| DIANE BEALL F/K/A/ TEMPLIN | CASE NUMBER |
|---|---|
| PLAINTIFF(S), | EDCV 12-601 DDP (DTBx) |
| v. | |
| QUALITY LOAN SERVICE CORP.; ONEWEST BANK, FSB; et al. | **PROOF OF SERVICE - ACKNOWLEDGMENT OF SERVICE** |
| DEFENDANT(S). | |

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of ORANGE, State of California, and not a party to the above-entitled cause. On MAY 25, 20 12, I served a true copy of PLAINTIFF'S OPPOSTION TO DEFENDANT'S MTD AND PLAINTIFF'S OBJECTION TO DEFENDANT'S RJN by personally delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following: (list names and addresses for person(s) served. Attach additional pages if necessary.)

Place of Mailing: NEWPORT BEACH, CA 92660
Executed on MAY 25, 20 12 at NEWPORT BEACH, California

Please check one of these boxes if service is made by mail:

☐ I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.
☐ I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.
☒ I hereby certify under the penalty of perjury that the foregoing is true and correct.

/S/GEORGEPURSLEY
*Signature of Person Making Service*

CV-40 (01/00)     **PROOF OF SERVICE - ACKNOWLEDGMENT OF SERVICE**