1  WRIGHT, FINLAY & ZAK, LLP
2  T. Robert Finlay, Esq., SBN 167280
   Nicole S. Dunn, Esq., SBN 213550
3  4665 MacArthur Court, Suite 280
4  Newport Beach, CA 92660
   Tel: (949) 477-5050; Fax: (949) 477-9200
5  rfinlay@wrightlegal.net; ndunn@wrightlegal.net;
6
7  Attorneys for Defendant, ONEWEST BANK, FSB
8
9             **UNITED STATES DISTRICT COURT**
10        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
11

| | |
|---|---|
| DIANE BEALL fka TEMPLIN, | ) Case No.: EDCV 12-601 DDP |
| | ) (DTBx) |
| Plaintiff, | ) |
| | ) **ONEWEST BANK, FSB's** |
| | ) **REPLY TO PLAINTIFF'S** |
| vs. | ) **OPPOSITION TO MOTION TO** |
| | ) **DISMISS  COMPLAINT AND** |
| QUALITY LOAN SERVICE CORP; | ) **REPLY TO OPPOSITION TO** |
| ONEWEST BANK, FSB; and  DOES | ) **THE REQUEST FOR JUDICIAL** |
| 1 through 100, Inclusive | ) **NOTICE;  MEMORANDUM OF** |
| | ) **POINTS AND AUTHORITIES** |
| Defendants. | ) |
| | ) Hearing |
| | ) Date:    June 18, 2012 |
| | ) Time:    10:00 a.m. |
| | ) Ctrm.:   3, 2nd Floor |
| | ) |
| | ) |

23     **TO THE COURT, THE PLAINTIFF AND TO THE OTHER**
24  **PARTIES**:
25        Defendant, ONEWEST BANK, FSB hereby submits its Memorandum of
26  Points and Authorities in support of its Reply to Plaintiff's Opposition to Motion
27  to Dismiss the Complaint filed April 19, 2012 and Reply to the Objections to the
28  Request for Judicial Notice.                -1-

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AND OBJECTION TO
THE REQUEST FOR JUDICIAL NOTICE

# **TABLE OF CONTENTS**

**Page No.**

I. INTRODUCTION.................................................................1

II. ARGUMENT.....................................................................1

    A.   The Opposition Fails to Adequately Respond to the Fatal Defects of The Complaint..............................................................1

        1.  The Court May Take Judicial Notice of Recorded Documents....1

        2.  Plaintiff is Incapable of Tendering, Therefore the Complaint Fails...................................................................2

        3.  Plaintiff, a Defaulted Borrower, Has No Right to Challenge the Beneficiary's Standing to Foreclose..................................4

        4.  Plaintiff's Allegation Regarding The PSA Is Uncertain And Unavailing............................................................6

        5.  Plaintiff's TILA Claim is Time-Barred..............................8

        6.  Plaintiff Fails To Allege A Declaratory Relief Cause of Action...9

            a.  Plaintiff Misconstrues The Requirements For Non-Judicial Foreclosure In California.....................................10

            b.  The Assignment OF Deed OF Trust Is Not Fraudulent....10

            c.  Securitization Of The Loan Is Irrelevant.....................11

        7.  Plaintiff Cannot Quiet Title As A Matter of Law..................12

V. CONCLUSION..................................................................13

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AND OBJECTION TO THE REQUEST FOR JUDICIAL NOTICE

# TABLE OF AUTHORITIES

**Page No.**

**Cases**

*Aguilar v. Bocci,*

   (1974) 39 Cal.App.3d 475,477 ................................................................ 12

*Amati v. Radio Spirits, Inc.,*

   219 F. Supp. 2d 942, 944 (N.D. Ill. 2002) ............................................ 9

*Arnolds Management Corp. v. Eischen,*

   (1984) 158 Cal.App.3d 575, 579,........................................................ 2,3

*Astoria Federal Sav. and Loan Ass'n v. Solimino,*

   501 U.S. 104 (1991). ........................................................................ 1

*Bascos v. Federal Home Loan Mortgage Corp.,*

   2011 WL 3157063 at *6 (C.D.Cal., July 22, 2011) ......................... 5, 11

*Beall v. Quality Loan Service Corp.,*

   2011 WL 2784594 at *7 (S.D.Cal.,2011) ........................................ 9

*Bello v. Chase Home Finance,*

   2011 WL 133351 (S.D. Cal. 2011) ................................................ 5

*Binder v. Gillespie,*

   184 F.3d 1059, 1067 (9th Cir. 1999)............................................. 5

*California Ins. Guarantee Ass'n v. Sup. Ct.*

   (1991) 231 Cal.App.3d 1617, 1623-1624 ..................................... 9

*Chavez v. Bank of America, N.A.,*

   2010 WL 1854087, *16 (E.D.Cal., 2010) ..................................... 12

*Clark. v. Countrywide Home Loans, Inc.,*

   ---F.Supp.2d ----, 2010 WL 3154119, * 2 (E.D.Cal. Aug.9, 2010) ...... 7

*Cloud v. Northrop Grumman Corp.,*

   (1998) 67 CA4th 995, 1004–1011........................................... 4

*Debrunner v. Deutsche Bank National Trust Company,*

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AND OBJECTION TO
THE REQUEST FOR JUDICIAL NOTICE

1 | ---Cal.Rptr.3d---, 2012 WL 883128 at *4-5 (Cal.App.6 Distr.) ........................ 7
2 | *Derusseau v. Bank of America, N.A.,*
3 | 2011 WL 5975821 at * 7 (S.D.Cal., Nov. 29, 2011) ........................................ 11
4 | *Dimock v. Emerald Properties,*
5 | 81 Cal.App.4th 868, 878 (2000), ...................................................................... 4
6 | *Fontenot v. Wells Fargo Bank, N.A.,*
7 | (2011) 198 Cal.App.4th 256, 272 ...................................................................... 8
8 | *Gantman v. United Pac. Ins. Co.,*
9 | (1991) 232 CA3d 1560, 1566, 284 CR 188, 192 .............................................. 4
10 | *Garcia v. Wachovia Mortgage Corp.,*
11 | 676 F.Supp.2d 895, 906 (C.D.Cal.2009) ........................................................... 9
12 | *Gomes v. Countrywide Home Loans, Inc.*
13 | (2011) 192 Cal.App.4th 1149, 1154-1157 ................................................ 6,7,10
14 | *Graves v. Deutsche Bank Nat. Trust Co.,*
15 | 2011 WL 2119189 at *2  (N.D.Tex.,2011) ........................................................ 9
16 | *Gutter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,*
17 | 664 F.2d 1194, 1196 (6th Cir.1981) .................................................................. 5
18 | *Hague v. Wells Fargo Bank, N.A.,*
19 | 2011 WL 6055759 at *5 (N.D.Cal. Dec. 6, 2011 .............................................. 5
20 | *Homestead Sav. v. Darmiento,*
21 | 230 Cal. App. 3d 424, 432-433 (1991) ............................................................ 10
22 | *Humboldt Savings Bank v. McCleverty*
23 | (1911) 161 Cal. 285, 291, 119 p. 82 ................................................................. 3
24 | *I. E. Associates v. Safeco Title Insurance Company,*
25 | 39 Cal.3d 281 (1985) ................................................................................... 7,10
26 | *Interstate Natural Gas Co. v. Southern California Gas Co.,*
27 | 209 F.2d 380, 385 (9th Cir.1953) ..................................................................... 1
28 | *Karlsen v. American Savings and Loan Association*

-iii-

(1971) 15 Cal.App.3d 112, 117-118; .................................................................. 2

*Keyter v. 230 Gov't Officers,*

372 F. Supp. 2d 604, 610 (W.D. Wash. 2005) .................................................. 2

*King v. California,*

784 F.2d 910, 915 (9th Cir.1986) .................................................................... 8

*Knapp v. Doherty,*

123 Cal. app. 4th 76, 86; (2004) .................................................................. 7

*Knievel v. ESPN,*

393 F.3d 1068, 1076 (9th Cir. 2005) ............................................................... 2

*Lane v. Vitek Real Estate Indus. Group*

(E.D. Cal. 2010) 713 F.Supp.2d 1092, 1098 .................................................. 7

*Livonia Property Holdings, L.L.C. v. 12840–12976 Farmington Road Holdings,*

*LLC* , 717 F.Supp.2d 724, 735, 737 (E.D.Mich.2010) .................................... 11

*Logvinov v. Wells Fargo Bank,*

2011 WL 6140995 (N.D.Cal. Dec. 9, 2011) .................................................... 5

*Lucero v. American Home Mortg.,*

2011 WL 996659 at * 2 (N.D.Cal., Mar. 21, 2011) .......................................... 11

*Luis v. Orcutt Town Water Co.,*

204 Cal.App.2d 433, 442 (1962) .................................................................... 11

*Lujan v. Defenders of Wildlife,*

(1992) 504 U.S. 555, 559-560 ........................................................................ 4

*Mack v. South Bay Beer Distributors,*

798 F.2d 1279, 1282 (9th Cir.1986) ............................................................... 1

*Manown v. Cal-Western Recon. Corp.,*

2009 WL 2406335 (S.D.Cal.) at *6 ................................................................ 12

*MGIC Indemnity Corporation v. Weisman,*

803 F.2d 500, 504 (9th Cir.1986) ................................................................... 1

-iv-

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AND OBJECTION TO
THE REQUEST FOR JUDICIAL NOTICE

*Moeller v. Lien,*
   25 Cal. App. 4th 822, 834 (1994)............................................................... 7,10

*Newbeck v. Washington Mutual*
   2010 WL291821 (N.D. Cal.) *7................................................................... 7

*Nool v. HomeQ Servicing,*
   653 F.Supp.2d 1047, 1053 (E.D.Cal.2009)............................................... 7

*Pantoja v. Countrywide Home Loans, Inc.*
   640 F. Supp. 2d 1177 (N.D. Cal. 2009) .................................................. 7

*Reyes v. GMAC Mortgage LLC,*
   2011 WL 1322775 at *3 (D.Nev. Apr.5, 2011).] ..................................... 5

*Robinson v. Countrywide Home Loans, Inc.*
   199 Cal. App. 4th 42, __ Cal. Rptr. 3d __, 2011 WL 4012207 at *2 (Sept. 12,
   2011)......................................................................................................... 5,6

*Rockefeller v. U.S. Court of Appeals Office, for the Tenth Circuit,*
   248 F. Supp. 2d 17, 22............................................................................. 3

*Sipe v. McKenna*
   (1948) ..................................................................................................... 12

*Sirott v. Latts,*
   (1992) 6 Cal.App.4th 923, 928.................................................................. 1

*Solano v. America's Servicing Co.,*
   2011 WL 4500874, *10 (E.D.Cal., 2011) ............................................. 12

*Swartz v. KPMG LLP,*
   476 F.3d 756, 763 (9th Cir.2007)............................................................ 2

*Tarmann v. State Farm Mutual Auto Ins. Co.,*
   2 Cal. App. 4th 153, 157 (1991)............................................................. 11

*Velasco v. Security Nat. Mortg. Co.,*
   2011 WL 4899935 at * 5 (D.Hawai'i, Oct. 14, 2011) ........................... 12

-v-

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AND OBJECTION TO
THE REQUEST FOR JUDICIAL NOTICE

1
2

*Wadhwa v. Aurora Loan Services, LLC,*
    2011 WL 2681483 *4 (E.D.Cal. July 8, 2011) ..................................... 5

3

**Statutes**

4

15 *U.S.C.* § 1640(e) ................................................................. 8

5

15 U.S.C. § 1641(g) ................................................................ 8

6

15 U.S.C. § 1640(a)(1) .............................................................. 9

7

*Civil Code* § 2924(a)(1), (3); 2924a ........................................... 10

8

*Civil Code* §§ 2924 – 2924i ..................................................... 10

9

*Civil Code* Section 2924-2924k ................................................. 6

10

*Civil Code* §2924, subdivision (a)(1).............................................6

11

*Penal Code*§470 ................................................................... 2

12

**Rules**

13

Federal Rules of Evidence, Rule 201 ........................................... 1

14

FRCP Rule 12(b)(6)................................................................. 1

15

FRCP Rule 9(b) .................................................................... 11

16
17
18
19
20
21
22
23
24
25
26
27
28

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AND OBJECTION TO
THE REQUEST FOR JUDICIAL NOTICE

## I.  **INTRODUCTION**

Plaintiff's Opposition provides no further insight into her claims. Plaintiff misses the fact that a dismissal for failure to state a claim can be based on lack of cognizable legal theory or <u>absence of sufficient facts</u> alleged under cognizable theory. FRCP Rule 12(b)(6).   Plaintiff has not properly tendered amounts due on the Loan, a requirement for any action seeking to challenge foreclosure proceedings. In addition, the opposition contains incorrect statements and misapplications of law. As such, Plaintiff's Complaint is severely deficient and the Court should grant this motion to dismiss in its entirety.

## II.  **ARGUMENT**

**A.**   **The Opposition Fails to Adequately Respond to the Fatal Defects of the Complaint**

### 1.   <u>The Court May Take Judicial Notice of Recorded Documents</u>

The court considers matters on the face of the pleading as well as matters of which it can take judicial notice. *Federal Rules of Evidence* ("FRE"), Rule 201 states that a court may take judicial notice of an adjudicative fact which "must be one not subject to reasonable dispute in that it is either (1) generally known ... (2) or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." When appropriate, a court may take judicial notice of documents without converting a motion to dismiss into a motion for summary judgment. *MGIC Indemnity Corporation v. Weisman*, 803 F.2d 500, 504 (9th Cir.1986). On a motion to dismiss, the Court may take judicial notice of matters of public record outside the pleadings. *Id.* at p. 504; *See also Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir.1986), *abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). The Ninth Circuit has held that a court may take judicial notice of records and reports of administrative bodies. *Interstate Natural Gas Co. v. Southern California Gas Co.*, 209 F.2d 380, 385 (9th Cir.1953).

-1-

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AND OBJECTION TO THE REQUEST FOR JUDICIAL NOTICE

The Ninth Circuit has explained that such reliance is permissible when "plaintiff's claim depends on the contents of a document" that is not attached to the complaint. *Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005); *see also Swartz v. KPMG LLP,* 476 F.3d 756, 763 (9th Cir.2007). In this case, the recorded documents referenced in the Complaint and covered by Defendant's request for judicial notice are the Deed of Trust (Complaint ¶ 7); the Assignment (Complaint ¶ 9, 60-64); the Notice of Default (Complaint ¶ 48, 65, 67); and the Substitution of Trustee (Complaint ¶ 55, 65, 72). All of these recorded documents are referenced in the Complaint and the court may consider these as incorporated by the Complaint. Thus, the Court may take judicial notice of the recorded documents attached to Defendant's Request for Judicial Notice.

Moreover, Plaintiff's own exhibits to the Complaint include the Notice of Default (Ex. B); the Substitution of Trustee (Ex. C.), the Assignment of Deed of Trust (Ex. E) . Thus, the court may take judicial notice of the documents, but may also review the documents for their truth as they are exhibits to the Complaint.

## 2. **Plaintiff is Incapable of Tendering, Therefore the Complaint Fails**.

In the Opposition, Plaintiff once again fails to tender or allege tender of the payment of the indebtedness owing which is essential to an action to set aside or cancel a foreclosure sale. *Karlsen v. American Savings and Loan Association* (1971) 15 Cal.App.3d 112, 117-118; *Arnolds Management Corp. v. Eischen*, 158 Cal.App.3d 575, 578-579 (1984).

First, Plaintiff claims that she is not questioning the validity of any foreclosure process, but is questioning the validity of the endorsements and title records under *Penal Code* Section 470. [Opp 13:26-14:2]. Clearly, such criminal allegations have no applicability to civil action between two private entities. Courts have held that "private citizens are not permitted to enforce criminal statutes or prosecute crime." *Keyter v. 230 Gov't Officers*, 372 F. Supp. 2d 604, 610 (W.D. Wash. 2005). Additionally, Plaintiff did not state a valid claim

-2-

1    because criminal statutes "do not convey a private right of action." *Rockefeller v.*

2    *U.S. Court of Appeals Office, for the Tenth Circuit*, 248 F. Supp. 2d 17, 22.

3        Second, Plaintiff claims that this case falls under an exception to the tender

4    requirement. The first exception to the tender rule alleged in Opp. 14:4-16,

5    provides that tender is not required where the borrower challenges the validity of

6    the underlying debt.  The problem for Plaintiff here is that she is not actually

7    challenging the validity of the underlying debt, but rather, at most, she is

8    challenging the sale and transfer of that debt through the securitization process.

9    Plaintiff cannot, and apparently does not, allege that she does not owe

10   approximately $150,496.33 [RJN Ex. 6] pursuant to a Note and Deed of Trust that

11   she executed, nor can she so allege in good faith that this amount was paid off.

12   Plaintiff is a debtor party, and at most, she is alleging (albeit defectively) that the

13   foreclosing entities are not the parties to whom the debt should be paid.  This is

14   not the same as an outright challenge to the validity of the underlying debt.  This

15   exception to the tender rule does not apply.

16       Third, Plaintiff cites *Humboldt Sav. Bank v. McCleverty* (1911) 161 Cal.

17   285, for the allegation that tender is not required when the person who seeks to set

18   aside a trustee's sale has a counter-claim or set-off against the beneficiary or that

19   it would be inequitable to impose such a condition. [Opp. 14:16-23].  *Humboldt*

20   has been specifically distinguished by the later case of *Arnolds Management*

21   *Corp. v. Eischen,* (1984) 158 Cal.App.3d 575, 579, cited by Defendants in the

22   Demurrer:

23

24       [Plaintiffs] argue it would be inequitable to require them to pay the
         senior obligation and cite *Humboldt Savings Bank v. McCleverty*
25       (1911) 161 Cal. 285, 291, 119 p. 82. [*Humboldt Savings*], however,
         concerned the foreclosure of two parcels of property and a widow's
26       homestead interest in one parcel. The court held it inequitable to
         permit the sale of both parcels when the sale of one would nearly
27       satisfy the debt.

28                                              -3-

1   In *Humboldt*, the court even pointed out that the tender rule was good law.
2   It was just under the facts of that case that rule would not be applied. The facts of
3   *Humboldt* are clearly different than the facts of this case.  Here, there was no fraud
4   or self dealing in the sale of the Property. There are no allegations that Plaintiff is
5   owed any money which could result in a set-off.  Under the facts of this case,
6   *Humboldt* does not apply.

7   Finally, plaintiff cites *Dimock v. Emerald Properties,* 81 Cal.App.4th 868,
8   878 (2000), which held that the borrower was not required to tender when the
9   trustee's deed was issued by a trustee that was no longer the trustee of record,
10  thus making the trustee's deed invalid on its face.  Here, there has been no sale
11  thus, a trustee's deed has not issued. Therefore, this exception is inapplicable and
12  the tender rule applies.

### 3. **Plaintiff, a Defaulted Borrower, Has No Right to Challenge the Beneficiary's Standing to Foreclose.**

15  Plaintiff seeks to escape her obligations under the Loan and preclude a
16  foreclosure sale by claiming that Defendant breached the PSA because the loan
17  was paid in full after the debt obligation was sold to a trust [Opp. 3:13-14; 5:10-
18  11], the note was never sold or assigned to OneWest [Opp. 5:16-17], and the Note
19  and deed of trust were separated in 2003 allegedly causing a break in the chain of
20  title. [Opp. 5:17-19],   However, notwithstanding the fact that Plaintiff has plead
21  no facts to show where the Note is, or that is it not with the beneficiary, Plaintiff
22  cannot assert a breach of this agreement as she is neither a party to the PSA, nor
23  intended third party beneficiary of it.  *Gantman v. United Pac. Ins. Co.* (1991) 232
24  Cal.App.3d 1560, 1566.   When a party lacks standing to sue, the action must be
25  dismissed, unless the Complaint can be amended by substituting a party who has
26  standing. *Lujan v. Defenders of Wildlife*, (1992) 504 U.S. 555, 559-560; *Cloud v.*
27  *Northrop Grumman Corp.,*(1998) 67 Cal.App.4th 995, 1004–1011.

-4-

1       As the court in *Logvinov v. Wells Fargo Bank*, 2011 WL 6140995

2   (N.D.Cal. Dec. 9, 2011) recently discussed:

3           "[S]ecuritization merely creates 'a separate contract, distinct

4           from [p]laintiffs['] debt obligations" under the note, and does

5           not change the relationship of the parties in any way. [Citing

6           *Reyes v. GMAC Mortgage LLC,* 2011 WL 1322775 at *3

7           (D.Nev. Apr.5, 2011).]

Plaintiff simply lacks the ability to state any cause of action based on the PSA and

8   securitization of the Loan. *See also Hague v. Wells Fargo Bank*, N.A., 2011 WL

9   6055759 at *5 (N.D.Cal. Dec. 6, 2011) (REMIC securitization does not alter the

10   Note); *Wadhwa v. Aurora Loan Services, LLC*, 2011 WL 2681483 *4 (E.D.Cal.

11   July 8, 2011). *Bascos v. Federal Home Loan Mortgage Corp.*, 2011 WL 3157063

12   at *6 (C.D.Cal., July 22, 2011) ("...Plaintiff challenges the securitization of his

13   loan because Freddie Mac failed to comply with the terms of its securitization

14   agreement, Plaintiff has no standing to challenge the validity of the securitization

15   of the loan as he is not an investor of the loan trust."). Plaintiff is not party to any

16   of these alleged agreements including the PSA and has no standing to enforce any

17   such agreements or to allege violations of SEC rules. *Bello v. Chase Home

18   Finance*, 2011 WL 133351 (S.D. Cal. 2011). "Only a purchaser or seller of

19   securities has standing to bring an action..." *Binder v. Gillespie*, 184 F.3d 1059,

20   1067 (9th Cir. 1999); See also *Gutter v. Merrill Lynch, Pierce, Fenner & Smith,

21   Inc.*, 664 F.2d 1194, 1196 (6th Cir.1981).

22       Simply put, Plaintiff does <u>not</u> have any legal basis to preemptively

23   challenge Defendant's authority and/or standing to foreclose (or the securitization

24   of the loan).  As recently held in *Robinson v. Countrywide Home Loans, Inc.*:

25           Plaintiffs allege...that the entity which initiated foreclosure

26           proceedings **had no legal authority to do so because it was not**

27           **either the current beneficiary of the deed of trust or the agent**

28           **of the current beneficiary**...The issues plaintiffs raise...were

recently discussed in *Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 121 Cal.Rptr.3d 819 ( *Gomes* ), review denied May 18, 2011....**We agree with the *Gomes* court that the statutory scheme (§§ 2924–2924k) does not provide for a preemptive suit challenging standing**. *Robinson v. Countrywide Home Loans, Inc.* (Sept. 12, 2011) 2011 WL 4012207 at *2 (emphasis added).

The same exact reasoning applies to the instant matter. In essence, Plaintiff is demanding that the Court test whether Defendants have the authority to foreclose under the Deed of Trust. Thus, Plaintiff's theory should be rejected.

### 4. <u>Plaintiff's Allegation Regarding The PSA Is Uncertain And Unavailing.</u>

Plaintiff's entire basis for claiming that the Assignment (and all foreclosure documents) and the security instrument itself, is invalid is based on the PSA and Plaintiff's belief that the Note and Deed of Trust was transferred to a trust. This argument attempts to change the burden of proof in a nonjudicial foreclosure onto Defendants, despite there being not statutory or legal requirement to do so.

Proof of ownership of the note or any variation of the "holder of the beneficial interest under the note" theory has been expressly rejected by California Courts because it adds requirements to a comprehensive statutory scheme. *Gomes v. Countrywide Home Loans, Inc.* 192 Cal. App. 4th 1149 (2011). Courts have repeatedly held that this is not a requirement under California law because it creates a supplemental requirement to a comprehensive scheme that cannot be augmented or modified. Nowhere in the statute, is there a requirement that proof of a beneficial interest of the note be given. To that end, courts have held that if the legislature had intended to make proof of note ownership a requirement, it would have been included in *Civil Code* Section 2924-2924k. Notably, section 2924, subdivision (a)(1), permits a notice of default to be filed by the "trustee, mortgagee, or beneficiary, or any of their authorized agents." The provision does not mandate physical possession of the underlying promissory note in order for this initiation of foreclosure to be valid.

-6-

California appellate courts have refused to read any additional requirements into the non-judicial foreclosure statute." *Lane v. Vitek Real Estate Indus. Group* (E.D. Cal. 2010) 713 F.Supp.2d 1092, 1098; accord, *Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1154-1157 [no statutory right to sue to determine authority of a lender's nominee to initiate foreclosure; and in any event, plaintiff agreed in deed of trust that nominee had such authority].) "There is no stated requirement in California's non-judicial foreclosure scheme that requires a beneficial interest in the Note to foreclose." See, *Debrunner v. Deutsche Bank National Trust Company,* ---Cal.Rptr.3d---, 2012 WL 883128 at *4-5 (Cal.App.6 Distr.);  also *Moeller v. Lien,* 25 Cal. App. 4th 822, 834 (1994); *IE  Assoc. v. Safeco Title Ins. Co.,* 39 Cal.3d. 281 (1985); *Knapp v. Doherty,* 123 Cal. App. 4th 76, 86; (2004); *Pantoja v. Countrywide Home Loans, Inc.* 640 F.Supp.2d 1177 (N.D. Cal. 2009); *Newbeck v. Washington Mutual* 2010 WL291821 (N.D. Cal.) *7; *Clark. v. Countrywide Home Loans, Inc.,* ---F.Supp.2d ----, 2010 WL 3154119, * 2 (E.D.Cal. Aug.9, 2010*); Nool v. HomeQ Servicing,* 653 F.Supp.2d 1047, 1053 (E.D.Cal.2009*).*

Plaintiff does not and cannot cite any authority to support her contention that a foreclosure sale is not valid unless the beneficiary can demonstrate that note underlying the instrument being foreclosed was properly assigned. Instead, Plaintiff is attempting to create a judicial review of California's non-judicial foreclosure process which has been rejected.  *Gomes v. Countrywide Home Loans, Inc.,* (2011) 192 Cal. App. 4th 1149, 1155.   Under the guise of a claim for wrongful foreclosure (and cancellation of trustee's deed upon sale), Plaintiff is demanding that the Court test whether Defendants had the authority to foreclose on the Deed of Trust.  This, Plaintiff cannot do.

Finally, Plaintiff must allege some sort of prejudice to Plaintiff as a result of the alleged improper foreclosure. *Fontenot v. Wells Fargo Bank, N.A.,* (2011) 198 Cal.App.4th 256, 272.  As reasoned by the court, "[b]ecause a promissory note is a

-7-

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AND OBJECTION TO THE REQUEST FOR JUDICIAL NOTICE

negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor. As to Plaintiff, an assignment merely substituted one creditor for another, without changing her obligations under the note. Plaintiff effectively concedes she was in default [Opp. 6:20-21], and she does not allege that the transfer to Defendant interfered in any manner with her payment of the Note, nor that the original lender would have refrained from foreclosure under the circumstances presented. See *Fontenot*, supra, at 272. Here, Plaintiff simply cannot allege that she was prejudiced in any way by the transfers of the Note and Deed of Trust. Thus, the Motion should be granted without leave to amend.

### 5.  **Plaintiff's TILA Claim is Time-Barred.**

Plaintiff's claim that Defendant violated TILA Section 131(g), 15 U.S.C. § 1641(g), by failing to provide Plaintiff with notice of the Assignment of the Loan and Deed of Trust (Opp. 8:20-10:24), is time barred.

A civil action for a TILA violation seeking damages must be brought within one year of the violation. 15 *U.S.C.* § 1640(e). As a general rule, the limitations period of 15 *U.S.C.* § 1640(e) "runs from the date of consummation of the transaction." *King v. California,* 784 F.2d 910, 915 (9th Cir.1986). It is clear from the face of the Complaint that TILA's one-year statute of limitations expired on 2004 (Amended Complaint ¶ 1 – "Plaintiff signed a Note and Deed of Trust in 2003").  At the very most, the claim expired on March 12, 2011 which is one year from the recording date of the Assignment - the alleged date of violation. (RJN Ex. 2). Since the original Complaint was filed on April 4, 2012, the TILA claim is time-barred. See Court's Docket.

Further, the statute of limitations should not be equitably tolled.  "[T]he mere existence of TILA violations and lack of disclosure does not itself equitably toll the statute of limitations." *Garcia v. Wachovia Mortgage Corp.,* 676 F.Supp.2d 895, 906 (C.D.Cal.2009). "[A] contrary rule would render the one-year statute of limitations meaningless, as it would be tolled whenever there were

-8-

1   improper disclosures." *Id.* Excepting the lack of disclosure itself, Plaintiff has not

2   shown concealment by Defendant or any other circumstance warranting equitable

3   tolling. Further, Plaintiff has not alleged any actual damages resulting from

4   Defendant's alleged failure to provide notice of the assignment. *See* 15 U.S.C.

5   1640(a)(1); *Beall v. Quality Loan Service Corp.*, 2011 WL 2784594 at *7

6   (S.D.Cal.,2011); (dismissing TILA claim where plaintiff failed to allege that

7   assignment of a Deed of Trust caused actual damages); *Graves v. Deutsche Bank*

8   *Nat. Trust Co.*, 2011 WL 2119189 at *2  (N.D.Tex.,2011). Plaintiff's TILA claim

9   is time barred, and must be dismissed.

10      **6.  <u>Plaintiff Fails To Allege A Declaratory Relief Cause of Action.</u>**

11      A  declaratory  relief  claim  will  not  survive  if  all  of  the  issues  in  the

12  declaratory judgment claim will be resolved by the substantive action, so the

13  declaratory judgment serves no useful purpose. *California Ins. Guarantee Ass'n v.*

14  *Sup. Ct.* (1991) 231 Cal.App.3d 1617, 1623-1624; *Amati v. Radio Spirits, Inc.*,

15  219  F.  Supp.  2d  942,  944  (N.D.  Ill.,  2002).  Here,  the  Complaint's  claim  that

16  Plaintiff is entitled to declaratory relief is predicated on the same issues addressed

17  in  the  Complaint's  other  causes  of  action.  Since  these  claims  will  be  resolved

18  under the Complaint's other causes of action, this declaratory relief claim is of no

19  useful purpose and, thus, improper.

20      Nonetheless, Plaintiff essentially relies on four specious arguments to try

21  and avoid foreclosure: (a) Defendant is not authorized to enforce the Loan; (b) an

22  unbroken chain of title must be established before non-judicial foreclosure can

23  proceed; (c) the recorded Assignment of Deed of Trust was fraudulent; and (d) the

24  Loan was not properly securitized due to the Trust's nebulous failure to comply

25  with the Pooling and Servicing Agreement. See Complaint generally. The Courts

26  in California have repeatedly rejected these types of bad faith arguments.

27  ///

28  ///

-9-

1
2

a.   ***Plaintiff Misconstrues The Requirements For Non-Judicial Foreclosure In California.***

3
4
5
6
7
8
9
10
11
12
13
14
15

The first three issues seek to impose obligations on a non-judicial foreclosure which are not found anywhere in California law. California's non-judicial foreclosure statutes (i.e., *Civil Code* §§ 2924 – 2924i) provide "the comprehensive statutory framework established to govern non-judicial foreclosure sales" and it "is intended to be exhaustive." *Moeller v. Lien,* 25 Cal. App. 4th 822, 834 (1994); *Homestead Sav. v. Darmiento,* 230 Cal. App. 3d 424, 432-433 (1991); *I. E. Associates v. Safeco Title Insurance Company,* 39 Cal.3d 281 (1985). Nothing in Sections 2924 – 2924i require that the entity instigating or conducting the non-judicial foreclosure be the holder of the note, record any assignment, or provide any evidence of a valid assignment prior to proceeding to sale. To the contrary, the statutes expressly authorize the trustee *or its agents* to record the requisite notices and conduct the foreclosure sale as long as the deed of trust contains a power of sale. *Civil Code* § 2924(a)(1), (3); 2924a.

16
17
18
19
20
21
22

Further, there is no requirement that Defendant "prove" a valid assignment of the Loan before proceeding with a non-judicial foreclosure sale. As previously stated, the statutory scheme is treated as comprehensive and no judicial expansion of its requirements is allowed. Here, Plaintiff's challenge to the Trust's standing to foreclose is nothing more than an improper attempt to have the courts judicially intervene on a process that is statutorily non-judicial. *Gomes v. Countrywide Home Loans, Inc.,* 192 Cal.App.4th 1149, 1154 (2011).

23

b.   ***The Assignment Of Deed Of Trust Is Not Fraudulent.***

24
25
26
27
28

Plaintiff concludes that the Assignment of Deed of Trust is fraudulent. Opp. 5:16-17. The requisite elements to a tort claim for fraud, which must be pled with particularity, are: (1) Representation; (2) Falsity; (3) Knowledge of falsity; (4) Intent to deceive; and (5) Reliance that results in damage. *Moore v. Brewster*, 96 F.3d 1240, 1245 (9th Cir. 1996); see FRCP Rule 9(b). The requirements for

-10-

1  pleading fraud against a corporation, like Defendant, are even more stringent; the

2  pleader is required to allege the names of the persons who performed the allegedly

3  fraudulent conduct, their authority, and when it was performed. *Lucero v.*

4  *American Home Mortg.,* 2011 WL 996659 at * 2 (N.D.Cal., Mar. 21, 2011);

5  *Tarmann v. State Farm Mutual Auto Ins. Co.,* 2 Cal. App. 4th 153, 157 (1991).

6      First and as discussed below, Plaintiff fails to allege any facts indicating

7  that Defendant was not actually assigned the Loan. Second, the Complaint does

8  not provide any factual allegations of fraud to satisfy the heightened pleading

9  requirements of FRCP Rule 9(b).

10      **c.    *Securitization Of The Loan Is Irrelevant.***

11      Plaintiff attacks the subject foreclosure on the belief that the Note was

12  improperly securitized and that the Trust somehow failed to comply with the

13  requirements of an unspecified Pooling and Servicing Agreement. Opp 3:10-6:8.

14  To begin, the precise nature of these alleged securitization violations are unclear

15  from the Complaint. *Derusseau v. Bank of America, N.A.,* 2011 WL 5975821 at *

16  7 (S.D.Cal., Nov. 29, 2011). More fundamentally, however, Plaintiff cannot

17  challenge the assignment of the Loan because Plaintiff is not (and does not allege

18  to be) a party to any purported pooling agreement. *Luis v. Orcutt Town Water Co.,*

19  204 Cal.App.2d 433, 442 (1962)  (To state a claim as a third party beneficiary

20  "...a plaintiff must plead a contract which was made expressly for his benefit and

21  one in which it clearly appears that he was a beneficiary..." (Citations omitted.));

22  *Bascos v. Federal Home Loan Mortgage Corp.,* 2011 WL 3157063 at *6

23  (C.D.Cal., July 22, 2011)  ("...Plaintiff challenges the securitization of his loan

24  because Freddie Mac failed to comply with the terms of its securitization

25  agreement, Plaintiff has no standing to challenge the validity of the securitization

26  of the loan as he is not an investor of the loan trust."); *Livonia Property Holdings,*

27  *L.L.C. v. 12840–12976 Farmington Road Holdings, LLC ,* 717 F.Supp.2d 724,

28  735, 737 (E.D.Mich.2010) ("The validity of the assignments does not effect

whether Borrower owes its obligations, but only to whom Borrower is obligated ...

-11-

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AND OBJECTION TO
THE REQUEST FOR JUDICIAL NOTICE

In fact, for over a century, state and federal courts around the country have applied similar reasoning to hold that a litigant who is not a party to an assignment lacks standing to challenge that assignment."). In addition, Plaintiff does not allege that any entity, other than Defendant, claims ownership of the Loan and a right to payment.

Thus, Plaintiff's allegations regarding securitization are conclusory, insufficient, and speculative at best. For all the reasons stated above, Plaintiff is not entitled to Declaratory Relief.

### 7.   <u>Plaintiff Cannot Quiet Title As A Matter of Law.</u>

In order to state a valid Quiet Title claim, Plaintiff was <u>required to discharge the Loan's debt</u>. *Manown v. Cal-Western Recon. Corp.*, 2009 WL 2406335 (S.D.Cal.) at *6; *Aguilar v. Bocci,* (1974) 39 Cal.App.3d 475,477; *Sipe v. McKenna* (1948); *Solano v. America's Servicing Co.*, 2011 WL 4500874, *10 (E.D.Cal., 2011); *Chavez v. Bank of America, N.A.,* 2010 WL 1854087, *16 (E.D.Cal., 2010). She has not. The allegation that tender is not required is erroneous as discussed above. Plaintiff also fails to include a legal description of the property and fails to plead adverse claims to title. Thus, the quite title claim fails.

### V.   CONCLUSION

Defendant respectfully requests that this Court grant its Motion to Dismiss the Complaint, without leave to amend and the Motion to Strike the specified allegations as requested.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: May 31, 2012          By:      _/s/ Nicole S. Dunn_____
Nicole S. Dunn, Esq.
Attorneys for Defendant, ONEWEST BANK, FSB

-12-

## PROOF OF SERVICE

I, Rebekah Baptiste, declare as follows:

I am employed in the County of Orange, State of California.  I am over the age of eighteen (18) and not a party to the within action.  My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660.  I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On May 31, 2012, I served the within **ONEWEST BANK, FSB's REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT AND REPLY TO OPPOSITION TO THE REQUEST FOR JUDICIAL NOTICE; MEMORANDUM OF POINTS AND AUTHORITIES,** on all interested parties in this action as follows:

[X]    by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

| Diane Beall, Esq.<br>243 S. Escondido Blvd., #125<br>Escondido, CA 92025 | **Plaintiff, In Pro Per**<br>Tel: 760-807-5417 |
| --- | --- |

[X]    (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]    (BY ELECTRONIC MAIL) I caused each such document to be transmitted electronically to the parties at the e-mail address indicated.  To the best my knowledge, the transmission was reported as complete, and no error was reported that the electronic transmission was not completed.

[ ]    (BY NORCO - NEXT DAY DELIVERY) I placed true and correct copies of thereof enclosed in a package designated by Norco Delivery Services with the delivery fees provided for.

[X]    (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

[X]    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 31, 2012, at Newport Beach, California.

_____          Rebekah Baptiste

-1-