O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE BEALL fka TEMPLIN,<br><br>             Plaintiff,<br><br>   v.<br><br>QUALITY LOAN SERVICE CORP;<br>ONEWEST BANK, F.S.B.,<br><br>            Defendants.<br>_____ | Case No. EDCV 12-00601 DDP (DTBx)<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>[Dkt. No. 13] |

    Presently before the court is Plaintiff Diane Beall's Ex Parte Application for Temporary Restraining Order as to Sale of Plaintiff's Property. Plaintiff seeks to enjoin Defendants from foreclosing upon or selling property located at 16377 Arnold Avenue, Lake Elsinore, California 92530, arguing that Defendants do not have a right to foreclose.

    A temporary restraining order is meant to be used only in extraordinary circumstances. To establish entitlement to a TRO, the requesting party must show (1) that she is likely to succeed on the merits, (2) that she is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities

tips in her favor, and (4) that an injunction is in the public interest. Winter v. Natural Res. Defense Counsel, 555 U.S. 7, 20 (2008). A TRO may be warranted where a party (1) shows a combination of probable success on the merits and the possibility of irreparable harm, or (2) raises serious questions and the balance of hardships tips in favor of a TRO. See Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Id. Under both formulations, however, the party must demonstrate a "fair chance of success on the merits" and a "significant threat of irreparable injury."[1] Id.

The court has reviewed Plaintiff's complaint, application, and accompanying documents. Although the impending sale of a home often presents a significant threat of injury, the court is not persuaded that, in this case, Plaintiff has adequately shown a fair chance of success on the merits. The ten causes of action raised in Plaintiff's complaint appear to be similar, if not identical, to causes of action raised in a prior case concerning the same property and home loan. See Beall v. Quality Loan Serv. Corp., No. CV 1900 AJB, 2011 WL 2784594 (S.D. Cal. July 15, 2011). Plaintiff's causes of action in the earlier case were dismissed with prejudice, suggesting that, even if Plaintiff's claims here

---

[1] Even under the "serious interests" sliding scale test, a plaintiff must satisfy the four Winter factors and demonstrate "that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

are not barred as res judicata, Plaintiff is unlikely to succeed on the merits.

Accordingly, Plaintiff's Ex Parte Application for Temporary Restraining Order is DENIED.

IT IS SO ORDERED.

Dated: July 13, 2012

DEAN D. PREGERSON
United States District Judge