O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DIANE BEALL fka TEMPLIN,    )  Case No. EDCV 12-00601 DDP (DTBx)
                             )
            Plaintiff,   )
                             )  **ORDER GRANTING DEFENDANT'S MOTION**
    v.                    )  **TO DISMISS**
                             )
QUALITY LOAN SERVICE CORP;   )
ONEWEST BANK, F.S.B.,       )
                             )  [Dkt. No. 23]
            Defendants.   )
_____)

    Presently before the court is Defendant OneWest Bank, FSB's
Motion to Dismiss.  Having considered the submissions of the
parties, the court grants the motion and adopts the following
order.[1]

**I.   Background**

    In July 2003, Plaintiff executed a Promissory Note and
obtained a home loan, secured by a Deed of Trust, for property

_____

    [1] The court notes that Plaintiff, an attorney proceeding pro
se, failed to timely oppose the instant Motion, and did not seek an
extension of time or continuance of the motion.  See C.D. Cal. L.R.
7-9.  This alone would warrant granting of the motion and dismissal
of Plaintiff's claims. C.D. Cal. L.R. 7-12.  Nevertheless, in the
interest of deciding issues on the merits to the extent possible,
the court has reviewed Plaintiff's late-filed opposition.

1   located at 16377 Arnold Avenue, Lake Elsinore, California 92530.

2   (Amended Complaint ¶ 7; Defendant's Request for Judicial Notice Ex.

3   1.)  An Assignment of the Deed of Trust to OneWest was recorded on

4   March 10, 2010.  (RJN Ex. 2.)  In May 2010, OneWest's agent

5   recorded a Notice of Default.  (RJN Ex. 3.)  In July 2010, OneWest

6   substituted Quality Loan Service Corporation as Trustee.  (RJN Ex.

7   4.)  Quality subsequently filed a Notice of Trustee's Sale.  (RJN

8   Ex. 5.)  The sale has not yet occurred.

9       In September, 2010, Plaintiff filed an action in the United

10  States District Court for the Southern District of California. See

11  Beall v. Quality Loan Serv. Corp., No. 10-CV-1900 AJB, 2011 WL

12  2784594 (S.D. Cal. Jul. 15, 2011) (Beall I).  Plaintiff alleged

13  twenty causes of action related to the pending foreclosure, . Id.

14  at *1.  Ultimately, after extensive motion practice and having

15  allowed Plaintiff to amend her claims twice, the Beall I court

16  dismissed all of Plaintiff's causes of action with prejudice,

17  including claims for violations of the Truth in Lending Act, the

18  Real Estate Settlement Procedures Act, California Business and

19  Professions Code Section 7200, California Civil Code Section

20  2923.5, and wrongful foreclosure, fraud, quiet title, and

21  declaratory relief.  (Beall I, Dkt. Nos. 14, 15, 50, 51.)

22      On April 4, 2012, Plaintiff filed another complaint, this time

23  in Riverside County Superior Court.  Plaintiff subsequently filed

24  an amended complaint ("FAC"), which OneWest removed to this court.[2]

25  ─────────────

26      [2]  It is somewhat unclear how many separate causes of action
    are included in the FAC.  The FAC's caption includes sixteen causes
27  of action, six of which are some variant of wrongful foreclosure.
    The body of the complaint lists only ten numbered causes of action,
28  but includes several that appear to be subsumed in or duplicative
                                              (continued...)

1  OneWest now seeks to dismiss the FAC in its entirety.Aside from

2  introductory comments regarding res judicata, however, Plaintiff's

3  opposition only addresses three causes of action (Truth in Lending

4  Act, Declaratory Relief, and Quiet Title).

5  **II.  Legal Standard**

6      A complaint will survive a motion to dismiss when it contains

7  "sufficient factual matter, accepted as true, to state a claim to

8  relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S.

9  662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544,

10  570 (2007)).  When considering a Rule 12(b)(6) motion, a court must

11  "accept as true all allegations of material fact and must construe

12  those facts in the light most favorable to the plaintiff." <u>Resnick</u>

13  <u>v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000).  Although a complaint

14  need not include "detailed factual allegations," it must offer

15  "more than an unadorned, the-defendant-unlawfully-harmed-me

16  accusation." <u>Iqbal</u>, 556 U.S. at 678.  Conclusory allegations or

17  allegations that are no more than a statement of a legal conclusion

18  "are not entitled to the assumption of truth." <u>Id.</u> at 679.  In

19  other words, a pleading that merely offers "labels and

20  conclusions," a "formulaic recitation of the elements," or "naked

21  assertions" will not be sufficient to state a claim upon which

22  relief can be granted.  <u>Id.</u> at 678 (citations and internal

23  quotation marks omitted).

24      "When there are well-pleaded factual allegations, a court

25  should assume their veracity and then determine whether they

26  

27      [2](...continued)

28  of others.  Defendants appear to believe the FAC asserts at least
   eighteen causes of action. (Mot. at 6.)

3

plausibly give rise to an entitlement of relief." Id. at 679.
Plaintiffs must allege "plausible grounds to infer" that their
claims rise "above the speculative level." Twombly, 550 U.S. at
555. "Determining whether a complaint states a plausible claim for
relief" is a "context-specific task that requires the reviewing
court to draw on its judicial experience and common sense." Iqbal,
556 U.S. at 679.

**III. Discussion**

    A.  Res Judicata

    The principle of res judicata "bars litigation in a subsequent
action of any claims that were raised or could have been raised in
the prior action." Owens v. Kaiser Foundation Health Plan, Inc.,
244 F.3d 708, 713 (9th Cir. 2001) (internal quotation and citation
omitted).  The doctrine applies when there is "(1) an identity of
claims, (2) a final judgment on the merits, and (3) identity or
privity between parties." Id. (internal quotation omitted).

    It appears to the court that the majority of Plaintiff's
claims, with three exceptions described below, were either raised
during prior proceedings in the Southern District or could have
been raised then.  The bulk of the claims in both the earlier case
and this case are premised on Plaintiff's assertion that the Deed
of Trust was never properly assigned to OneWest.  The body of
Plaintiff's Opposition does not address the res judicata issue.
The Opposition's preambulatory language does include a numbered
list of reasons why Plaintiff believes this case is different from
her earlier case.  (Opp. at 3-4.)  Of these, however the majority
are recitations of the FAC's allegations regarding the provenance
of the Deed.  Plaintiff's additional contention that her prior

1   counsel suffered from a medical condition that compromised his

2   ability to provide adequate representation was raised before, and

3   addressed by, the court in the earlier case.  See Beall I, 2011 WL

4   at *1.  Thus, it appears to the court that virtually all of the

5   causes of action alleged in the FAC were already addressed and

6   dismissed by the Southern District, with prejudice, or should have

7   been, but were not, raised in the prior action.

8       B.  Remaining Claims

9       The FAC does allege certain causes of action that were not

10   brought in the earlier litigation.  The FAC lists a Fifth Cause of

11   Action for "W[rongful] F[oreclosure] - Violation of P[enal] C[ode]

12   [§] 115.5" and a Sixteenth Cause of Action for "Violation of 42 USC

13   1983."  The court is unable to determine whether these causes of

14   action could have been raised earlier because neither is supported

15   by any factual allegations.  There is no mention of a Penal Code

16   violation anywhere beyond the caption of the complaint.  California

17   Penal Code Section 115.5 criminalizes false statements to notaries

18   and the filing of false documents related to single family

19   residences.  The court presumes that Plaintiff is attempting to

20   suggest that OneWest's allegedly fraudulent recordations constitute

21   criminal behavior.  Absent explicit language to the contrary,

22   however, a criminal statute does not give rise to a civil cause of

23   action.  See Rodriguez v. U.S. Bank N.A., No. C 12-989 WHA, 2012 WL

24   3062690 at *4 (N.D. Cal. Jul. 26, 2012.)

25       The factual basis for Plaintiff's Section 1983 claim is

26   similarly lacking.  Plaintiff makes a single reference to Section

27   1983 within her Business and Professions Code claim.  (FAC ¶ 241.)

28   That reference appears to be a cut-and-pasted portion of a treatise

1  or primer discussing an attorney's duty of reasonable inquiry, the

2  relevance of which is unclear to the court.  (Id.)  Nowhere does

3  the FAC allege that Plaintiff's Constitutional rights have been

4  violated or that any such violation was committed by a person

5  acting under color of state law, as is required to state a claim

6  under 42 U.S.C. § 1983.  See Mitchell v. Routh Crabtree Olsen,

7  P.S., No. C 11-03577 JSW, 2012 WL 2792360 at * 2 (N.D. Cal. Jul. 9,

8  2012).

9      The Third Cause of Action also alleges Wrongful Foreclosure,

10 this time on the basis that Plaintiff's Debt was discharged in

11 bankruptcy.  The body of the FAC does list some facts regarding

12 this claim.  Specifically, the FAC alleges that Plaintiff listed

13 the debt as unsecured and listed Defendants as unsecured creditors,

14 that the debt was therefore discharged in her Chapter 7 bankruptcy,

15 and that Defendants did not file a proof of claim.  (FAC ¶¶ 31-35.)

16 The FAC does not, however, indicate when these events took place,

17 again rendering it unclear whether this claim could have been

18 brought earlier.  Regardless, OneWest argues that Plaintiff listed

19 Defendants as both unsecured and secured creditors.  Furthermore,

20 OneWest argues, the dischargeability of a debt is not affected by

21 the way it is scheduled in a Chapter 7 no-assets, no-bar bankruptcy

22 such as Plaintiff's, and the filing of a proof of claim, or lack

23 thereof, is meaningless in such a case.  In re Nielsen, 383 F.3d

24 922, 926-27 (9th Cir. 2004).  Plaintiff's opposition does not

25 address Defendant's argument, or the authority cited therein, and

26 is therefore dismissed.[3]

27 _____

28      [3] The court notes that Plaintiff's opposition only
                                              (continued...)

6

**IV.   Conclusion**

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED.  Plaintiff's claims are dismissed with prejudice.

IT IS SO ORDERED.

Dated: March 28, 2013

DEAN D. PREGERSON
United States District Judge

---

[3](...continued)
specifically addresses three causes of action (Truth in Lending Act, Declaratory Relief, and Quiet Title), all of which are res judicata, as described above.